CHIEF JUSTICE HARDIN
delivered the opinion oe the court.
This proceeding by motion against J. C. Lemon, late trustee of the jury-fund for Scott pounty, and E. N. Offutt, his official surety, was instituted by the attorney-general in the Franklin Circuit Court, and based on an aggregated statement of the auditor, purporting to show a balance in Lemon’s hands of $2,742.63, and two bonds of the trustee and his said surety, dated respectively November 19, 1862, and September 17, 1869, which in form seem to be in substantial compliance with the requirements of section 2, article 6, chapter 55, of the Revised Statutes.
Offutt, having appeared, was permitted to file an answer to the motion, and in his defense showed, by a detailed statement from the auditor’s office, that about the sum of $1,457.82 ot the trustee’s indebtedness to the state had accrued after the execution of the. bonds of 1869, and that he (Offutt) had paid the same to the auditor on the 9th of September, 1872, leaving only a balance of $1,284.81 of the claim to be litigated between the state and. himself, and that such balance all resulted from defalcations of Lemon, which occurred after the expiration of four years succeeding his appointment as trustee and the execution of his first bond, and before the execution of the second bond, which appears to have been given without any corresponding order re-appointing the trustee. As between himself and the commonwealth, he resisted the recovery sought against him mainly on the ground that the bond of 1862 did not by its terms bind him for any default of Lemon as to the jury-fund, which occurred more than four years after the appointment upon which that bond ivas given; and as to the sum of $1,487.82 already paid by him he *214 sought by cross-pleading to recover against the Hon. Chas. B. Thomas, late judge of the Scott Circuit Court, for an alleged neglect of official duty on the part of the judge in failing to properly supervise and control the conduct and settlements of Lemon as trustee of the jury-fund.
To the cross-petition against Thomas the court, as we think, properly sustained a demurrer for want of jurisdiction, if not for other reasons appearing upon the face of the pleading.
The court also sustained a demurrer of the commonwealth to the answer; and Offutt having failed to defend further, a judgment was rendered against him for $1,284.81 and damages and costs, from which, as well as the order of the court dismissing the cross-petition, Offutt has appealed to this court.
The only inquiry we deem it necessary to consider is as to the extent of the surety’s liability on the bond of November 19, 1862. It is obvious that construing that bond, as we think we should, strictly with reference to Lemon’s official term of office intended to be embraced by it, it did not operate to secure the state against the failure of Lemon to pay over or account for jury-funds collected by him after the expiration of his term of office, although after that time the court may have failed to appoint another trustee and permitted him without re-appointme'nt to continue to act as such. When then did his term of office expire? The office is clearly of that class provided for by section 10 of article 6 of the constitution, which is as follows: “ The General Assembly may provide for the election or appointment for a term not exceeding four years of such other county or district ministerial and executive officers as shall from time to time be necessary and proper.”
The second section of article 6, chapter 55, of the Bevised Statutes, supra, providing for the appointment of a trustee of the jury-fund by the circuit court for each county, must be construed subject to the foregoing provision of the constitution.
*215 If the legislature could constitutionally have provided that the trustee might hold over till the qualification of his successor after the expiration of the prescribed term of office of four years, the time of such holding over could not, according to the case of Stevens v. Wyatt, &c. (16 B. Mon. 542), be properly regarded as a part of the official term, whether embraced by the bond of the trustee or not. But the above provision of the constitution not only fails to confer such power on the legislature, but expressly limits the terms of the officers which the legislature is thereby authorized to provide for to a period of four years. We must therefore conclude that the time for which Lemon had a right to act as trustee of the jui'y-fund by virtue of his appointment and bond of November 19, 1862, ceased at the end of four years from that time, and that the bond imposed no liability on his surety as to funds which he may have subsequently received as trustee and failed to account for.
Wherefore the judgment in favor of the commonwealth against appellant is reversed, and the cause remanded for further proceedings not inconsistent with this opinion, and the order dismissing the cross-petition is affirmed.