JOHN M. DUKE, ET AL., *v.* SINKING FUND COMMISSIONER OF MASON COUNTY, ET AL.

**Officer Holding Over—Liability of Sureties on Bond.**

Where the law provides that an officer shall hold over until his successor is qualified, his bond covers his acts, while he is holding over, but where he is not authorized by the law to hold over, and gives bond for one year, the sureties on such bond are not liable for defalcation after the expiration of such year.

### APPEAL FROM MASON CIRCUIT COURT.

March 19, 1878.

OPINION BY JUDGE PRYOR:

Where the law provides that the officer appointed shall hold over until his successor is qualified, his bond would then cover his acts as long as he retains the office, and authorities may be found fixing the responsibility on the surety even where no such condition is annexed to the law creating the office. In the present case the officer was only appointed for one year, and when the surety affixed his name to the bond he obligated himself to become responsible for the period during which his principal, by the very terms of the act, was authorized to collect.

The commissioners were required to appoint one of their number treasurer annually, and the treasurer, before he could receive any revenue, etc., was required to execute bond, with surety to be approved by the county court in double the sum which it is expected he will receive during the year. We think, as in this case, the liability of the sureties was not only confined to the year or to the monies falling due or to be collected within that year, but that the office also terminated, and the treasurer had no right to collect

monies thereafter to become due the county by virtue of his office. The sureties certainly had no reason to believe that they were liable ad infinitum for all the acts of Taylor, not only for the year but so long as he might assume to discharge the duties of the office. Such was not the undertaking of the bond, and when executed the county court only approved a bond that would secure the county and those in interest for the loss that might be sustained by reason of his right to collect the monies falling due within the year for which he was appointed.

The case of *Offutt v. Commonwealth,* 10 Bush 212, is analogous to this case. Taylor's official term was one year, and so far as these appellants are concerned neither the commissioner nor the county court had the right to permit him to act without executing a bond with reference to the collection of claims falling due after his term expired. It is plain in construing this bond that neither the county court or the sureties intended to embrace in its provisions any liability on the sureties for a longer period than that to which Taylor had been appointed.

The answer of the appellants was good in so far as they denied any other liability than that for monies collected or claims properly due for the year in which Taylor was appointed. In this view of the case it becomes unnecessary to notice the other questions raised in the case. Judgment *reversed* and cause remanded for proceedings consistent with this opinion.

*J. G. Hickman, for appellants.*

*Wadsworth & Son, for appellees.*