NEW-YORK,<br>May, 1830.<br>Witt.<br>v.<br>Follett.

Motion to set aside nonsuit denied.

---

## WITT vs. FOLLETT.

A *discharge* of an insolvent debtor, void as to its effect in relieving the defendant from the payment of his debts, is equally inoperative to protec him from he imprisonment of his person.

THIS was an action on a promissory note made in New-Hampshire whilst both parties were inhabitants of that state. The note fell due in December, 1820. On the 7th September, 1821, the defendant obtained a discharge in this state *from his debts* as an insolvent debtor, under the act of 1813, he as well as the plaintiff having become inhabitants here, and pleaded the discharge in bar of the action. On demurrer, the plea was overruled. (2 Wendell, 457.) The suit was then brought to trial on the *general issue*, and the defendant offered his discharge in evidence, to induce the entry of a *limited judgment*, so as to exempt his body from imprisonment. The discharge was received subject to the opinion of the court.

*C. F. Ingalls*, for defendant, insisted that though the discharge was void as exonerating the defendant from liability to the payment of his debts, it was operative to exempt his body from execution; relying upon the distinction recognized in *Ogden* v. *Saunders*, (12 Wheaton, 213.)

*D. Buel, jun.* for plaintiff.

*By the Court*, MARCY, J. We are asked to qualify the judgment in this case, and to give such effect to the discharge as that it shall exempt the body of the defendant from imprisonment. This, I apprehend, would be giving an operation

NEW-YORK, May, 1830.

to the act of 1813 not directly contemplated by it. It authorizes the discharge of the insolvent from imprisonment if in prison at the time of the assignment. An exemption from imprisonment generally results from the validity of a discharge from the debts; but the discharge in this case as to its main object in relation to this debt being void, it cannot have the incidental effect of one that is valid. When the substance of a discharge is gone, its qualities and attributes cannot be retained; the incidents fall with the principal. If there was a distinct provision in the act taking away the remedy by imprisonment for all debts which the insolvent owed at the time of his discharge, another and quite a different question would be presented. There is nothing in the act of 1813 authorizing a qualified judgment to be rendered.

Motion denied.