## JONES v. KIRKSEY.

1. In an action for maliciously suing out attachment process, it is not competent for the plaintiff to show that most of the debt was due for usurious interest, when the judgment in the attachment suit is for the whole sum claimed. Such judgment is conclusive of probable cause, until reversed, set aside, or its validity impaired by the judgment of some competent tribunal.

Writ of Error to the Circuit Court of Talladega.

ACTION on the case, by Jones against Kirksey, for maliciously suing out an attachment, on the ground that Jones was about to dispose of his property, fraudulently, with intent to avoid the payment of the debt due to Kirksey. The defendant pleaded the general issue, and also that the plaintiff, when the attachment was sued out, was about to remove himself and property out of the State of Alabama. At the trial on these pleas, the plaintiff, after showing the suing out of the attachment, its levy on his property, and a judgment in that suit for $2,247, offered to prove the defendant's admissions, that all over the sum of $250, was due for

usurious interest; but this evidence was excluded by the court.

The defendant was allowed to prove that previous to the suing out the .attachment, the plaintiff told the witness who testified, that he intended, after paying his debts, and arranging his business, to remove some of his property to Mississippi, to carry on farming in that State. To this evidence the plaintiff objected.

The plaintiff excepted to the several rulings of the court against him, and now assigns the same as error.

W. P. CHILTON and L. E. PARSONS, for plaintiff in error, insisted, that the suing out of attachment process on a usurious debt, was *per se* wrongful and vexatious.

S. F. RICE, contra, argued, that the recovery of the judgment established the debt as due and owing, and the party could not go behind it; but even if this could be done, the evidence shows that some debt was due, and this is sufficient if any cause existed for the attachment. The question raised by the bill of exceptions, as to the proof admitted at the instance of defendant, is settled by Kirksey v. Jones, 7 Ala. R. 622.

GOLDTHWAITE, J.—There is some apparent conflict in the cases bearing on the principal question presented in this case. It seems to have been held in New York, that the recovery in a civil suit is not conclusive that there was probable cause for arresting the defendant. [Burt v. Place, 4 Wend. 501.] But on looking into, the facts of that case, it will be seen the recovery was before an inferior court, and that it was afterwards reversed and judgment eventually given for the defendant. Under these circumstances, the decision seems to be entirely proper, because the effect of the first judgment was entirely done away by its reversal. If the decision was intended to announce the proposition, that it is competent, after a final judgment to re-examine the question as to the validity of the debt, in a suit· for a malicious prosecution, we cannot yield our assent to it, as it seems to us to be alike unwarranted by principle and authority. The general

rule is, when the action is for a malicious prosecution on account of an alledged criminal offence, that the declaration must show the prosecution is ended and determined by the acquittal and discharge of the party accused. [Carman v. Trueman, 1 Bro. P. C. 101.] In Morgan v. Hughes, 2 Term R. 225, Mr. Justice Buller asserts, that in an action for maliciously holding to bail, it must be shown there is an end of the suit. So likewise in a similar action for suing out a fiat of bankruptcy, it has been held, that the superseding of the commission before suit bronght, must be averred and proved, or the plaintiff non-suited. [Whitworth v. Hall, 2 B. & A. 695; see also, Reynolds v. Kennedy, 1 Wilson, 232; Whitney v. Péckham, 15 Mass. 243; Hathaway v. Allen, Bing. 152.] The reason of the rule is, that if the conviction, or action ascertains the crime, or the demand, that is conclusive, and it is impossible to say that one shall have the right to question and re-examine, in the action for a malicious prosecution, the very matter which has been decided otherwise in the principal suit. We come then to the conclusion, that the judgment in the suit established the validity of the debt sued for, and it therefore becomes immaterial to inquire how far a party is responsible for suing out attachment process for a usurious demand, as, until that judgment is reversed, set aside, or its validity impaired by the decision of some other competent tribunal, it must be considered as conclusive of probable cause, so far as the matter of indebtedness enters into that question.

On the other point in the cause, no question is made in this court, but if to be considered, it would probably be found settled by what is said in the seventh paragraph of the opinion delivered in Kirksey v. Jones, 7 Ala. R. 622.

Judgment affirmed.