# Pippen *v.* The State.

### *Indictment for Malicious Trespass on Land.*

1. *Malicious trespass on lands; constituents of offense.*—To justify a conviction against a person who "willfully and maliciously commits any trespass on the lands of another, by cutting down or destroying any wood or timber growing thereon" (Code, § 4417), something more than a mere willful trespass must be shown—the act must be willful and malicious; and while malice is not, ordinarily, the subject of positive proof, facts and circumstances must be shown from which it may be inferred that the act was prompted by ill-will, malevolence, grudge, spite, enmity, or wicked intention.

2. *Same.*—Where the evidence shows that the trees were cut by the defendant, by the direction of his employer (or his employer's wife, in his absence), who wanted rails to repair a fence, and who told him that he might sell the bark; that his employer owned a strip of the land, having bought from the prosecutor, and that the line between them had never been run, although the prosecutor had pointed out the line as he claimed it, and told defendant he must not cut any trees beyond it; these facts, without more, do not justify the inference of malice, and do not authorize a conviction.

FROM the Criminal Court of Greene.

Tried before the Hon. J. P. McQUEEN, an attorney of the court, selected by the clerk (Code, § 664) on account of the disqualification of the presiding judge.

SEAY & DEGRAFFENREID, and J. B. HEAD, for appellant.

T. N. McCLELLAN, Attorney-General, for the State.

CLOPTON, J.—The defendant was indicted under section 4417 of Code, which provides, that "any person who willfully and maliciously commits any trespass on the lands of another, by cutting down or destroying any wood or timber growing thereon," is guilty of a misdemeanor. It was not the intention, by the statute, to constitute every trespass on the lands of an-

6

other, where wood or timber was cut down or destroyed, a criminal offense. It is not sufficient that the trespass is willful; it must also be malicious. In *Johnson v. State*, 61 Ala. 9, it is said: "The controlling words are, *willfully* and *maliciously*. No matter how inexcusable the trespass, the criminal offense is not made out, unless the act is willfully and maliciously done." Ordinarily, malice is not the subject of positive proof, but of inference from proved facts and circumstances—facts and circumstances from which it may be inferred that the commission of the act was prompted by "ill-will, malevolence, grudge, spite, wicked intention, enmity;" and in a criminal case, the inference should not be the subject of reasonable doubt.

We have carefully examined the evidence, and have failed to find any facts or circumstances proved, from which malice may be inferred. The facts, in respect to the commission of the offense, testified to by the owner of the land, are, that he had several times told defendant where the line was, and that he must not cut timber beyond ten steps from a certain old fence-row; that beyond this row several trees were cut down, and defendant had stated to him that he cut them down, and knew they were on the land of the witness, and had exchanged the bark for a pair of boots. These facts may show a willful trespass, but are not indicative of malice, in the absence of all evidence of any previous cutting timber, and persistence therein after notice, or of any ill-will or inimical feeling, or of any other circumstance manifesting that the trees were cut from grudge, spite, or any like motive, or that any injury, other than the loss of the trees, was caused. Conceding these facts, they tend to show that the cutting was done for the purpose of gain, rather than from any motive or desire to injure the owner.

It further appears that the defendant was in the employ of the adjoining proprietor, who had bought land from the alleged owner of the trees, and that the line between them had not been definitely run. The employer was absent, and his wife, who had charge of his business in his absence, testified, that by her instructions the defendant went on the lands, and cut the trees for the purpose of splitting rails to repair a fence; that she told him he could have the bark, and sell it; that the trees were cut on or near the spot where her husband had previously cut house-logs, and that she recognized the land as being as much the property of her husband as of the alleged owner. These facts tend to show that the trees were cut by her direction, under a claim of right, and repel the inference of malice on the part of defendant. Doing an unlawful act willfully and without excuse may, ordinarily, authorize an inference of malice; but, under the statute, "the act, although intentional, and unlawful, is nothing more than a civil injury, unless accompanied with that

[Bush v. The State.]

special malice which the words 'willful and malicious' imply."
*Com. v. Williams*, 110 Mass. 401.

Reversed and remanded. Defendant will remain in custody, until discharged by due course of law.