(79 South. 141)

RIDINGS v. STATE. (6 Div. 493.)

(Court of Appeals of Alabama. May 14, 1918.)

FENCES ⟐—28(2) — DESTRUCTION — CRIMINAL RESPONSIBILITY—AFFIDAVIT.

Affidavit charging that defendant willfully and maliciously committed a trespass by severing from affiant's freehold a wire fence did not charge offense defined by Code 1907, § 7833, as amended by Acts 1911, p. 625, nor any other offense.

Appeal from Circuit Court, Marion County; C. P. Almon, Judge.

Wes Ridings was convicted under an affidavit charging him with the offense of willfully and maliciously committing a trespass upon the lands of affiant by severing from the freehold a wire fence, and appeals. Reversed and remanded.

C. E. Mitchell, of Hamilton, for appellant. F. Loyd Tate, Atty. Gen., for the State.

BRICKEN, J. The original affidavit upon which the defendant was tried and convicted in the county court was as follows:

"That within twelve months before the making of this affidavit, and in said county, the offense of willfully and maliciously committing a trespass upon the lands of said affiant, J. T. Stephens, by severing from the freehold property or thing thereto attached, to wit, a wire fence, has been committed, and that Wes Ridings is guilty thereof."

On appeal to the circuit court, the defendant was tried upon the same affidavit. It is manifest that this affidavit was based upon section 7833 of the Code of 1907, and that the trial of this defendant was for the violation of that section, as it appears in the Code. It is also manifest, from the oral charge of the court and from the written instructions given to the jury, and also from all of the facts as disclosed by the bill of exceptions, that in the trial of this case, the amendment to the said section of the Code was undoubtedly overlooked. This section of the Code was amended by the Acts of the Legislature of 1911, pages 625, 626, which amendment makes a very material change in the law. The section as amended reads as follows:

"That section 7833 of the Code of Alabama, be amended so as to read as follows: '7833. That any person who willfully commits any trespass on the lands of another, by cutting down or carrying off any timber or rails of the value of less than twenty-five dollars, with intent to convert the same to his own use, or by severing and carrying away from the freehold any produce thereof or any property or thing thereto attached, the value of which was less than five dollars to the owner before being detached from such freehold, under such circumstances as would render the trespass a larceny if the thing severed and carried away were personal property, must, on conviction be fined not more than two hundred dollars, and may also be imprisoned in the county jail or sentenced to hard labor for the county for not more than six months; and so much of the fine as is sufficient to compensate the owner of the property shall go to the injured party, said amount to be determined by the court at the time of the trial.'"

It is clearly apparent that the offense complained of in the affidavit, to wit, "That the defendant willfully and maliciously committed a trespass by severing from the freehold a wire fence," is not covered by or comprehended in section 7833 of the Code of 1907, as amended by Acts 1911, pp. 625, 626, nor does it appear that said affidavit charges any offense known to the law, and it therefore follows that the general affirmative charge requested by the defendant in writing should have been given.

For the error in refusing this charge, the judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.