### WOODWARD IRON CO. et al. v. PLOTT.
### (6 Div. 972.)

(Supreme Court of Alabama.   Oct. 11, 1923.)

**1. Malicious prosecution ⊂⇒47—Averments held essential.**

Courts alleging that defendants maliciously and without probable cause' caused the arrest of the plaintiff under a warrant issued by a justice of peace, and that plaintiff was arrested, contain averments essential to an action for malicious prosecution and show an arrest on a valid process.

**2. Pleading ⊂⇒207—Failure to allege discharge should be made specific ground of demurrer.**

While good pleading requires that a count for malicious prosecution shall show that the prosecution ended by a discharge of the plaintiff, there should have been a specific ground of demurrer pointing out this defect, and the court did not err in overruling a general demurrer.

**3. Malicious prosecution ⊂⇒71(1)—Affirmative charge, on ground that authority of agents was not shown, properly refused.**

Where deputy sheriff, who arrested plaintiff for cutting defendant's trees, was in defendant's employ, with authority to look after its property, and warrant was sworn out by direction of superintendent of its mine, affirmative charge, asked on ground that no authority was shown, was properly refused.

**4. Malicious prosecution ⊂⇒72(1)—Error to refuse to define offense charged.**

In an action for malicious prosecution, no definition of the offense for which the prosecution had been instituted having been given, it was error to refuse to define the offense substantially in language of Acts 1911,' p. 625, as requested by the defendant, for it was important that the jury should understand the offense in determining the question of probable cause.

**5. Malicious prosecution ⊂⇒58(1)—Evidence as to clothes plaintiff wore when arrested irrelevant.**

. The court should have excluded testimony of plaintiff as to the clothes he wore on the day of his arrest, such testimony not being relevant to any issue involved.

**6. Malicious prosecution ⊂⇒63—Defendant entitled to show custom, where plaintiff relied on place of imprisonment as increasing damages.**

Where the fact that plaintiff was carried to the city jail, and then removed to the county jail, was relied on as increasing his damages, defendant should have been permitted to show a custom to that effect, to rebut the inference that it was done with a malicious motive.

Appeal from Circuit Court, Jefferson County;   J. C. B. Gwin, Judge.

Action by Walter Plott against the Woodward Iron Company and A. M. Eubanks.

From a judgment for plaintiff, defendants appeal.   Transferred from Court of Appeals under Acts 1911, p. 449, § 6.   Reversed and remanded.

Counts 3 and 4 of the complaint are as follows:

"(3) Complainant claims of the defendants, Woodward Iron Company, a private corporation, and A. M. Eubanks, ten thousand dollars ($10,000.00) damages for maliciously and without probable cause therefor causing the plaintiff to be arrested under a warrant issued by L. A. Thompson, a justice of the peace, on the 12th day of January, 1920, on a charge of petit larceny, which charge before the commencement of this. action has been judicially investigated, said prosecution ended, and plaintiff discharged.

"(4) The plaintiff, Walter Plott,. claims of the defendants, the Woodward Iron Company, a private corporation, and A. M. Eubanks, ten thousand dollars ($10,000.00) damages for maliciously and without probable cause therefor causing the plaintiff to be arrested under a warrant issued by L. A. Thompson, justice of the peace, which said warrant was issued on, to wit, the 12th day of January, 1920, and the plaintiff was arrested on, to wit, the 19th day of February, 1920, on a charge of petit larceny, which charge before the commencement of this action has been judicially investigated and said prosecution ended. ·

"And the plaintiff avers that as a proximate consequence thereof he was caused to spend a large sum of money in effecting his release by way of attorney's fees; that he was put to great trouble and inconvenience in and about making a bond to procure his release; that he was confined in jail, and caused to associate with criminals and persons charged with crime; that said jail was filled with noxious odors and · vermin; that plaintiff was greatly humiliated, embarrassed, and mortified on account of having said charge preferred against him; that his standing in the community was injuriously affected; that he was caused to lose a great deal of time from his business on account of being confined on said charge; that his feelings were greatly outraged, and he was made sick, sore, and distressed.   Wherefore he sues."

Charge 13, refused to defendants, is as follows:

"It is a violation of the criminal laws of this state for any person to willfully commit a trespass on .the lands of another, by cutting down or carrying off any timber of the value of less than $25, with the intent to convert the same to his own use."

Huey & Welch, of Bessemer, for appellants.

Demurrer to count 4 should have been sustained.   Jones v. Kirksey, 10 Ala. 839; Code 1907, p. 1198, form 20; Sanders v. Davis, 153 Ala. 375, 44 South. 979; Leib v. Shelby Iron Co., 97 Ala. 626, 12 South. 67; So. Car & F. C. v. Adams, 131 Ala. 147, 32 South. 503; Emerson v. Lowe Mfg. Co., 159 Ala. 350, 49 South. 69; So. Ry. Co. v. Hanby, 166 Ala. 641, 52

South. 334; C. of Ga. Ry. Co. v. Carlock, 196 Ala. 659, 72 South. 261; Standard Oil Co. v. Humphries, 205 Ala. 529, 88 South. 855; Corona Co. v. Callahan, 202 Ala. 649, 81 South. 591; 18 R. C. L. 65. The evidence showed probable cause as a matter of law, and no authority for the arrest was shown. American Ry. Ex. v. Summers, 208 Ala. 531, 94 South. 737; McLeod v. McLeod, 75 Ala. 483; Gulsby v. L. & N. R. Co., 167 Ala. 122, 52 South. 392; Ewing v. Sanford, 19 Ala. 605; Nolen v. Jones, 200 Ala. 577, 76 South. 935; Rhodes v. King, 52 Ala. 272; Emerson v. Lowe Mfg. Co., 159 Ala. 350, 49 South. 69. The defendant had the right to have the jury charged as to what constituted a violation of the law under which he was arrested. Acts 1911, p. 625; Dupont Powder Co. v. Hyde, 201 Ala. 207, 77 South. 733; Ridings v. State, 16 Ala. App. 467, 79 South. 141; Fowlkes v. Lewis, 10 Ala. App. 543, 65 South. 724; Collins v. Fowler, 10 Ala. 858; Snead v. Jones, 169 Ala. 143, 53 South. 188; Standard Oil Co. v. Davis, 208 Ala. 565, 94 South. 754; American Ry. Ex. Co. v. Summers, 208 Ala. 531, 94 South. 737.

Lipscomb & Lipscomb and Bumgardner & Wilson, all of Bessemer, for appellee.

Count 4 is a good malicious prosecution count. Sou. C. & F. Co. v. Adams, 131 Ala. 147, 32 South. 503. McLeod v. McLeod, 75 Ala. 483; Parisian Co. v. Williams, 203 Ala. 378, 83 South. 122. It was a question for the jury whether or not there was probable cause for the arrest; likewise the question of agency; and the general charge was properly refused defendants. Lunsford v. Dietrich, 93 Ala. 565, 9 South. 308, 30 Am. St. Rep. 79; Goldstein v. Drysdale, 148 Ala. 486, 42 South. 744; Gambill v. Cargo, 151 Ala. 421, 43 South. 866; Garden v. Holley, 157 Ala. 652, 47 South. 716.

GARDNER, J. The plaintiff in this action was arrested on a warrant charging trespass for cutting down trees of the Woodward Iron Company; the prosecution being based upon Acts 1911, p. 625, amendatory of section 7833 of the Code of 1907. The affidavit upon which the warrant was issued was sworn out by one Eubanks, who was a deputy sheriff of Jefferson county and also in the employ of the Woodward Iron Company. Plaintiff was tried and acquitted of the criminal charge, and brought this suit against the Woodward Iron Company and Eubanks, resulting in a judgment in the sum of $500, from which the defendants have prosecuted this appeal. The counts for false imprisonment were eliminated by the action of the trial court. The cause was submitted to the jury upon counts 3 and 4, which counts sought recovery as for malicious prosecution.

[1] The argument of counsel for appellant of count 4 as one for false imprisonment is untenable, as both counts 3 and 4, in our opin-

ion, contain averments essential in malicious prosecution and show an arrest upon a valid process. Parisian Co. v. Williams, 203 Ala. 378, 83 South. 122; Standard Oil Co. v. Humphries, 205 Ala. 529, 88 South. 855; Sanders v. Davis, 153 Ala. 375, 44 South. 979; Jones v. Kirksey, 10 Ala. 839. Appellant's argument as to the pleas seems to rest upon the assumption that these counts were for false imprisonment, and as the cause must be reversed upon other grounds, these assignments of error may be laid out of view.

[2] It is insisted that count 4 is defective as a count for malicious prosecution, in failing to aver that the prosecution had ended by a discharge of the plaintiff. This count only charged that the prosecution had ended, and it may be conceded for the purposes of this case that good pleading required that the count also show that the plaintiff was discharged. Sanders v. Davis, supra; Jones v. Kirksey, supra. But, even so conceding, we do not find any assignment of demurrer taking this point, and it appears from the oral charge of the trial court that he construed these counts as being identical, except that count 4 enumerated specific damages. There should have been a specific ground of demurrer pointing out this defect, and, none appearing, reversible error could not be predicated upon the action of the court in overruling the demurrer to count 4. As to the sufficiency of this count, the cases of McLeod v. McLeod, 75 Ala. 483, and Parisian Co. v. Williams, supra, cited by counsel for appellee, were not dealing with the question of pleading.

[3] Counsel for appellant urge that the affirmative charge was due defendants upon the theory the evidence showed without dispute probable cause for the arrest, and, further, as to the Woodward Iron Company no authority of the agent is shown for instigating the prosecution. The record has been carefully examined, and to discuss the evidence in detail will serve no useful purpose. Suffice it to say that we are persuaded the question of probable cause in this case was one properly submitted for the jury's determination. Not only was Eubanks, who made the affidavit and effected the arrest of the plaintiff, in the employ of the Woodward Iron Company, with authority to look after their property, but the testimony discloses that the arrest was made upon the direction of one Walter, superintendent of the defendant's mine, who instructed Eubanks to swear out the warrant. The affirmative charge was therefore properly refused.

As previously stated, the prosecution of the plaintiff rested upon the provisions of Acts 1911, p. 625. This act amended section 7833 of the Code of 1907 in material respects, as appears from a review of Pippen v. State, 77 Ala. 81. The controlling words in the statute as it then existed, and as carried forward in section 7833, supra, were "willful

and malicious." Malice was an essential ingredient of the offense, and the amendatory act, above cited, omits entirely the word "malicious." That a material change was made in section 7833 by the foregoing amendment was pointed out by the Court of Appeals in Ridings v. State, 16 Ala. App. 467, 79 South. 141.

[4] We think it was important that the jury should know with what offense the plaintiff in this cause had been charged in the original prosecution as bearing upon the question of probable cause, and we find no definition of this offense, or any specific explanation thereof, in the oral charge of the court or in any written instruction. The defendants asked the charge, which we number 13, giving a definition of the offense as pertinent to this case, following largely the language of the act of 1911, above cited, and its refusal constitutes error, for, as we have previously stated, it was important that the jury should understand with what offense the plaintiff was originally charged in the criminal prosecution.

[5] We do not see the relevancy of the testimony elicited from the plaintiff on his direct examination as to what kind of clothes he had on when he went up to the mines the afternoon of his arrest. He was not at that time in the employ of the defendant company, but living on the premises, and the fact that he had on his working clothes appears, so far as this record discloses, entirely immaterial and irrelevant to any issue involved. The trial court should have sustained the objection to this question.

[6] After the plaintiff's arrest he was carried first to the Ensley jail, and upon his objection he was then removed to the county jail in Birmingham. We gather from the record, as well as brief of counsel for appellee, that much stress was laid upon this action of the deputies in carrying him to the city jail at Ensley rather than direct to Birmingham, as justifying an enlargement of the damages and an aggravation of the offense, and that this was done in order to prevent the friends of the plaintiff from ascertaining his whereabouts and obtaining his release. By way of explanation of this conduct on the part of the deputies, the defendants offered to show there was an agreement between the Ensley authorities and the sheriff of Jefferson county whereby the parties arrested presumably in that vicinity were to be incarcerated in that jail, and that such had been the custom. Objection to this testimony was sustained.

The defendants should have been permitted to offer this proof in explanation of this conduct, and by way of answer to the insinuations on the part of the plaintiff that it was done from a malicious motive.

For the errors indicated, let the judgment be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.