# Knox *v.* The State.

*Violating Prohibition Law.*

(Decided May 19, 1910.   52 South. 526.)

1. *Appeal and Error; Harmless Error; Unlawful Arrest.*—Where the record shows a regular affidavit and warrant, a subsequent arraingnment, plea of not guilty, trial and conviction, the merits of the case are not affected by an improper arrest before the issuance of the warrant, and the same is not prejudicial to the defendant.

[Knox v. The State.]

2. *Indictment and Information; Motion to Quash; Time for Making.*—A motion to quash criminal proceedings on the ground that defendant was arrested without a warrant, comes too late when made after defendant had pleaded to the charge, and had been tried and convicted.

3. *Constitutional Law; Holding Defendant for Trial; Authority.*— Section 157, Constitution 1901, makes all judges in the state conservators of the peace, and under it they have a right to hold a party to trial irrespective of the validity of the warrant of arrest.

APEAL from Jefferson Criminal Court.

Heard before Hon. S. L. WEAVER.

Will Knox was convicted of violating the prohibition laws, and he appeals. Affirmed.

No counsel marked for appellant.

ALEXANDER M. GARBER, Attorney General, for the State. The motion to quash and the demurrer came too late.—*Garrett v. The State,* 97 Ala. 18; *Danna v. Crew* 32 South. 822. The court did not err relative to the evidence.—*Ryan v. The State,* 100 Ala. 94.

SIMPSON, J.—The appellant in this case was convicted of the offense of selling spirituous liquors contrary to law. The defendant made a motion to quash the proceedings because, first, "the offense of which defendant was charged was not committed in the presence of the officers making the arrest, except the testimony of B. G. Chew, and that said arrest was made without a warrant;" second, that the commitment was made without affidavit and warrant, and the warrant not procured until after the commitment to prison.

The record shows a regular affidavit and warrant, in due form, on June 29, 1909, an arraignment on September 20, 1909, and a plea of not guilty, trial, and conviction. If the defendant was improperly arrested before that time, it could not affect the merits of this case. The record also shows that on the 9th of Octo-

ber, 1909, the day when this motion purports to have been filed, the defendant had already pleaded to the charge, been tried, and convicted. It was too late then to move to quash the proceedings on the ground that he was arrested without a warrant. No evidence seems to have been introduced in support of the motion.

In addition to what has been said, all the judges in this state are conservators of the peace (Const. 1901, § 157), and have a right to hold a party for trial, irrespective of the validity of the warrant of arrest.—*Ex parte Thomas*, 100 Ala. 101, 13 South. 517; *Pruitt v. State*, 130 Ala. 147, 30 South. 451; 9 Ency. Pl. & Pr. pp. 1066, 1067; *Ex parte Hamilton et al.*, 65 Miss. 98, 139, 3 South. 68.

There was no error in overruling the motion.

The demurrers, not appearing in the record proper, cannot be considered.

The judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.