## Commonwealth, For Use Of v. Hinson, et al.

(Decided May 2, 1911.)

### Appeal from Montgomery Circuit Court.

1. Surety on Official Bond—Liability of—A surety, who executes a statutory bond for a public officer to enable him to discharge the duties of his office during the term for which he is appointed or elected, is not liable for his acts after the expiration of his term.

2. Official Bond—Approval or Acceptance of—It is not essential to the validity of a bond executed by a public official that it should be accepted or approved by the official designated by statute to do so.

3. Fraud—Statute of—A parol agreement entered into between a surety and an officer at the time of the execution by the surety of a bond the officer is required to give, that the surety will remain bound for the acts of the officer if he is appointed for another term, is within the statute of frauds and unenforcible.

ROBT. H. WINN and R. A. CHILES for appellant.

LEWIS APPERSON, R. L. PAGE and McCHORD, BINGHAM & PAGE for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

This action was instituted in the name of the Commonwealth in behalf of William Ledford against J. W. Hinson. a policeman of Mount Sterling, Kentucky, and the Citizens Trust & Guaranty Company as his surety,

to recover damages for an alleged wanton assault committed by the policeman upon Ledford. To the petition as amended a demurrer interposed by each of the defendants was sustained upon the ground that it did not state facts sufficient to constitute a cause of action against either of them. Therefore, the only question presented by the record is the sufficiency of the petition as amended.

Mount Sterling is a city of the fourth class, and under section 3492, of the Kentucky Statutes, its board of council has the power to appoint a police force "whose term of office shall not exceed two years from the date of election." In section 3497, it is provided:

"Every policeman, before he enters upon the duties of his office, shall give bond with approved surety, before the mayor, to the Commonwealth of Kentucky, in the sum of one thousand dollars, for the faithful performance of the duties of this office; and for any unlawful arrest, or unnecessary or cruel beating or assault in making an arrest, he and his bondsmen shall be liable to the person so injured on said bond."

On December 7th, 1909, the council appointed Hinson a policeman for a term of six months beginning on the first Monday in January, 1910. Hinson thereupon qualified as such policeman and gave bond with the Citizens Trust & Guaranty Company as his surety. The bond, which was entered into by the surety on the 31st day of December, 1909, was conditioned as follows:

"Whereas, James Warner Hinson has been duly appointed to the office of policeman in and for the city of Mount Sterling, Montgomery County, Kentucky,

"Now, we, James Warner Hinson, principal, and the Citizens Trust & Guaranty Company of West Virginia, surety, hereby covenant to and with the Commonwealth of Kentucky for the benefit of the city of Mount Sterling, Montgomery County, Kentucky, in the sum of one thousand dollars, lawful money of the United States, that the said James Warner Hinson shall well and faithfully discharge the duties of his said office of city policeman according to law."

On the 15th of June, 1910, and before the expiration of the first term of six months, Hinson was again elected policeman for another term of six months, and again took the oath of office and continued in the discharge of his duties as policeman. The assault complained of oc-

curred after the expiration of his first appointment and during the period of his second appointment.

The bond executed by the company on the 31st of December, 1909, was accepted and approved by the mayor, but no other bond was ever executed by Hinson. It is averred in the amended petition that Hinson paid to the company when it became his surety the full premium for one year, and that it was agreed by and between the trust and guaranty company and Hinson at the time the bond was executed that if Hinson was re-elected policeman for the six months beginning on the first Monday in July, 1910, that the bond executed by it on the 31st day of December, 1909, should cover the remaining six months period, and that no further action would be necessary in order to hold it liable on the bond as surety. It was further averred that the mayor and council entered into and approved this agreement and did not require the execution of a bond, but stood upon and relied upon the agreement of the trust and guaranty company to remain bound upon the bond for one year. As the truth of these allegations was confessed by the demurrer, the pleading is to be tested by their sufficiency to constitute a cause of action.

To briefly re-state the facts so that the issues may be clearly understood, it appears: (1) That Hinson was appointed policeman on December 7th, 1909, for a term of six months, and that before the expiration of this term he was re-appointed for another term of six months to begin upon the expiration of the first six months. (2) That subsequent to his appointment in December, 1909, and before he assumed the duties of the office, the trust and guaranty company undertook that Hinson would "well and faithfully discharge the duties of said office of city policeman according to law," and that this bond was approved and accepted by the mayor. (3) That no new bond was executed covering the second term of Hinson, nor was there any written or record evidence of an agreement between Hinson and the company that it should remain upon his bond during his second term; but, it was verbally agreed between Hinson and the company that as he had paid the premium for one year when the bond was executed, this bond should cover the remaining six months of the year if he was re-elected for another term. (4) That the assault complained of took place during the second term.

Taking up first the sufficiency of the pleading as to the trust and guaranty company, and assuming that it entered into the parol agreement with Hinson heretofore set out, the question is, was this parol agreement sufficient to bind the company for the misdoings of Hinson during his second term.

We think there can be no doubt that the bond executed by the surety company only bound it for the acts of Hinson during his first term. Hinson had only been appointed or elected for six months at the time the bond was executed and it was to answer for his conduct during this term of six months that the bond was executed. We know of no principle of law that would authorize us to extend this undertaking beyond the term of six months it was executed to cover. On the contrary, all the authorities we have had an opportunity to examine lay it down that under circumstances like those appearing in this case the liability of the surety is confined to the term for which the official was appointed or elected. Nor can the mere fact that the officer is re-appointed for another term have the effect of increasing the liability of the surety or extending his obligation. The contract of suretyship only contemplated its continuance during the term. We find no language in the bond from which it can be inferred that the surety intended to become responsible for another term under another appointment or election. Stearns on Suretyship, section 173; Brandt on Suretyship, section 543; Offutt v. Commonwealth, 10 Bush, 212; South Carolina Society v. Johnson, 1 McChord (S. C.), 41, 10 Am. Dec., 644; Moss v. State, 10 Mo., 338, 47 Am. Dec., 116.

Recognizing the force of the argument that the terms of the bond confined the obligation of the surety to the expiration of the first term, the attempt is made to avoid its effect by the assertion that the surety company agreed in consideration of the payment to it by Hinson of the full premium for one year that it would remain bound as his surety for the year if he was re-appointed, and that this agreement was approved by the mayor and council. But this agreement on the part of the surety company was not in writing, and was, therefore, within that section of the statute of frauds providing that:

"No action shall be brought to charge any person upon a promise to answer for the debt, default or misdoing of another * * * unless the promise or some memorandum or note thereof be in writing, and signed by the

person to be charged therewith or by his authorized agent.''

This statute presented a complete bar to a recovery against the surety company. The fact that it received a consideration for entering into the verbal agreement relied on did not have the effect of making it liable when in the absence of such consideration it would not have been. The payment of a consideration can not supply the place of a writing signed by the person to be charged or have the effect of taking out of this statute an agreement that would otherwise be void. But, it is said that the mayor and council consented to and approved this verbal agreement between Hinson and the surety company, and thus made it a valid undertaking. We can not understand how the consent or approval of the mayor and council could impart validity to a void agreement between Hinson and the surety company. There was no agreement or contract that the mayor or council could approve or consent to. If a binding agreement had been entered into between Hinson and the surety company, then we would hold that its acceptance or approval of record by the official whose duty it was to accept or approve it was not essential to its validity. Estate of Ramsey v. People, 197 Ill., 572, 90 Am. St. Rep., 177; Growbarger v. U. S. Fidelity & Guaranty Co., 126 Ky., 118; Reid v. Commonwealth, 123 Ky., 240; Commonwealth v. Teel, 111 S. W., 340. But the principle announced in these cases has no application to the one before us for the simple reason that no second bond was executed that could or should have been approved or accepted, and it is on this vital point that the case for appellant fails. If a bond had been executed that covered the second term of Hinson, its approval or acceptance by the mayor would not be essential to its validity. We think the lower court correctly ruled that the petition as amended did not state a cause of action against the surety company, but we are also of the opinion that it did state facts sufficient to constitute a cause of action against Hinson.

Wherefore, the judgment as to the Citizens Trust & Guaranty Company is affirmed, and the judgment as to Hinson is reversed.