(121 So. 526)
**MORGAN v. BAIRD.  (7 Div. 817.)**

Supreme Court of Alabama.  March 21, 1929.

Rehearing Denied April 18, 1929.

W. J. Boykin, of Gadsden, and O. D. Street & Son, of Birmingham, and W. R. Bradford, of Albertville, for appellant.

E. O. McCord & Son, of Gadsden, for appellee.

BOULDIN, J. The complaint is in Code form for malicious prosecution. Code, vol. 4, p. 506, Form 20. It alleges the arrest of plaintiff under warrant on a charge of selling or removing personal property with the purpose to hinder, delay, or defraud the holder of a lawful claim thereto by virtue of a lien created by law, etc. Code, § 4925.

The warrant under which plaintiff was arrested recited, "An indictment having been found * * * for the offense of selling property covered by a lien or claim," and commanded his arrest to answer such indictment in the circuit court, etc.

It is insisted this warrant was void, in that it described no offense against the law; that the warrant being void rather than defective or irregular, the remedy is in trespass for false imprisonment, and not in case for malicious prosecution.

We are not disposed to enter upon an inquiry whether this warrant was void in the sense that an officer would not be protected in its execution. This subject was considered and decisions reviewed in the recent case of Phillips v. Morrow, 213 Ala. 139, 104 So. 260, 40 A. L. R. 285. Nor to consider when a judicial officer is liable for the issuance of a warrant upon a complaint made before him charging no offense under the law. See Broom v. Douglass, 175 Ala. 268, 57 So. 860, 44 L. R. A. (N. S.) 164, Ann. Cas. 1914C, 1155.

Here the warrant was issued by the clerk upon the return into court of a valid indictment found under Code, § 4925. It does not appear that the prosecutor, defendant here, in any way directed or influenced the clerk in issuing a void warrant, nor that, with knowledge of fatal defects therein, if such there be, he participated in any trespass upon the person of plaintiff.

In such case there is no false imprisonment chargeable to him who has procured a valid indictment. Oates v. Bullock, 136 Ala. 537, 33 So. 835, 96 Am. St. Rep. 38.

Malicious prosecution is the putting of the processes of law in operation maliciously and without probable cause, leading on in due course to the arrest of the victim.

A valid indictment found, a warrant or order to arrest upon such indictment issued by the proper officer, and followed by the arrest of the accused, brings him within the jurisdiction of the court for trial. Under our system a habeas corpus proceeding would be at once followed by a proper capias, and the holding of the accused for trial. It would not effect his discharge. Knox v. State, 167 Ala. 93, 52 So. 526.

In this situation the accused need not and should not stop to inquire whether he has legal cause to resist arrest for want of a valid warrant.

A due submission to lawful authority suggests the course taken here, the giving of bail and coming into court, thus submitting his person to valid judicial proceedings there pending.

If these proceedings have been instituted as the result of malice and without probable cause, the wrongdoer is not relieved because some other has committed another wrong in effecting the arrest contemplated. The arrest and consequent injury are the result of and in direct causal connection with the wrongful prosecution. The remedy as against the prosecutor is malicious prosecution, not false imprisonment. Strain v. Irwin, 195 Ala. 414, 419, 70 So. 734.

Plaintiff, Baird, was a tenant of defendant, Morgan. The cotton, the disposition of which led to the prosecution, was grown in Etowah county. It was hauled to defendant's gin in Albertville in Marshall county. When ginned it was stored in defendant's warehouse in Albertville. Mr. Hooper, a banker, held several mortgages on the cotton, some executed by both Baird and Morgan, and some by Baird alone. The warehouse receipts or tickets were turned over to Mr. Hooper. Evidence tends to show this was by common consent of all parties. In the following spring the cotton was sold. It appears Baird and Hooper co-operated in making the sale, and at Hooper's instance the entire proceeds were turned over to him as mortgagee and holder

of the warehouse receipts. These were delivered to the purchaser Alford, who then demanded and finally obtained the cotton from defendant's warehouse.

Later Baird was indicted in Etowah county, was arrested, gave bail, and attended court. Upon learning the alleged sale was made in Marshall county, the prosecuting counsel caused the case to be nol. prossed.

There is evidence fully warranting a finding that Mr. Morgan went to Etowah county and actively instigated the prosecution. Some evidence tended to show he purposely did so to avoid an issue in Marshall county courts.

■ Whether Hooper, furnished with the insignia of ownership as well as the legal title to the cotton, was authorized to sell it on the open market and receive the proceeds, was a jury question.

■■ Probable cause to believe that Baird had the intent to defraud his landlord by applying the residue of the proceeds to his individual mortgages to Hooper, leaving rent unpaid, was also a jury question. In the absence of agreement of the landlord to so apply it, the rent lien attached to the proceeds, and a right of action for money had and received arose.

■■ Without further details, we are fully convinced the issues of malice and want of probable cause were properly submitted to the jury, and their finding of fact should not be disturbed. American Surety Co. v. Pryor, 217 Ala. 244, 115 So. 176, does not support the contention of appellant to the effect that the finding of an indictment by the grand jury is within itself a full defense to an action for malicious prosecution.

The decision, page 179 (217 Ala. 244) expressly recognizes the rule that the finding and return of an indictment must not be induced by fraud, subordination, suppression of testimony, or other like misconduct of the party seeking the indictment.

Suppression of testimony may consist in intentionally withholding facts known to the prosecutor as a witness before the grand jury, the disclosure of only such facts as tend to support the charge, or the furnishing of witnesses having knowledge of only such facts as tend to criminate, purposely avoiding a full and fair investigation.

The evidence made no case for justification on legal advice upon a full disclosure of all the facts known to the prosecutor.

■ A grand jury docket kept, certified, and returned into court pursuant to Code, § 8678, is by express terms made part of the records of the court. A transcript certified by the custodian is admissible as other records.

■ In this and most other instances of objections to evidence, no grounds of objection are shown. A mere recital that "defendant objected, the court overruled same, and defendant excepted," brings up nothing for review. The transcript of the Marshall county grand jury docket, after striking out "no bill" by action of the court, was favorable to defendant.

If the docket as shown by the transcript in evidence contained matter not properly appearing on such docket, it was merely cumulative of other evidence not in dispute. The objection was addressed to the whole.

Evidence tending to show that after the case was nol. prossed in Etowah county the prosecutor sought an indictment in Marshall county, while somewhat remote, may have shed some light on the issue of malice vel non.

■ If there was error in admitting the statement of the solicitor, Silvey, that defendant when a witness before the Etowah grand jury claimed no mileage because such statement was secondary evidence of the contents of the docket, such error was cured by introduction of the transcript of the docket.

We find no reversible error in matters presented in argument.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.