(138 So. 277)

### SMITH v. DOLLAR.
### 7 Div. 51.

Supreme Court of Alabama.
Oct. 8, 1931.

Rehearing Denied Dec. 17, 1931.

662

E. O. McCord & Son, of Gadsden, for appellee.

W. A. Denson, of Birmingham, for appellant.

ANDERSON, C. J.

The plaintiff introduced much evidence tending to establish an alibi for the plaintiff at the time the offense for which he was prosecuted was committed, and that these facts were known to the defendant, and for the obvious purpose of showing that the said defendant did not have probable cause for believing that the plaintiff had committed the offense with which he was charged. But, as we view the evidence, the plaintiff utterly failed to prove that the prosecution or indictment was based upon the conduct or action of the defendant. The plaintiff's own witness, the solicitor, testified that he took the initiative after getting information that the negro boy had confessed and implicated the plaintiff and called the defendant, Dollar, the owner of the property burned, and concluded to summon said Dollar and others before the grand jury. "Jesse Williams told me that Letaw

Smith made him set it on fire. I can't say that Mr. Dollar told me it was his opinion that Letaw Smith set it on fire, I don't remember that he said it was his opinion that he set it on fire." Again, the witness said: "Dollar did not request me to prosecute Letaw. If you want me to tell you what I based the prosecution on, I can tell you, I based it largely on what this negro said in the jail." Thus the plaintiff's witness demonstrated that the prosecution was instigated by him voluntarily and in an effort to discharge his official duty. The mere fact that Dollar, the owner of the burned property, had made an effort to locate the person who committed the deed and was excused by the court from the rule during the trial to sit with the solicitor was not sufficient to refute or create a conflict with the testimony of the solicitor to the effect that there was no responsible causation on the part of Dollar. We think the trial court was fully justified in giving the general charge for the defendant under our case of American Surety Co. v. Pryor, 217 Ala. 244, 115 So. 176.

■ The trial court did not commit reversible error in ruling upon the evidence. Whether or not Dollar was the prosecutor was one of the main issues in the case, to be determined by the court and not the witness. Moreover, the witness stated Dollar's conduct and action in the matter throughout and which showed that he was not the prosecutor. Again, as to whether or not Dollar assisted him, the plaintiff got the full benefit of this question, as the witness stated what Dollar did and the extent to which he assisted him.

We find no such ruling as the one designated in the second assignment of error.

The judgment of the circuit court is affirmed.

Affirmed.

### On Rehearing.

We are taken to task, upon application for rehearing, for not considering the appellant's second assignment of error and for the statement, in the original opinion, that we find no such ruling as the one assigned.

The assignment second reads as follows:

"The trial court erred in sustaining defendant's objection to the following question:

" 'And what did he say to you, if anything?' Trans. p. 28."

It will be noted that as a part of the assignment the page of the transcript upon which the ruling appears is designated as "28." We looked in vain for any such ruling on page 28 as designated in the second assignment of error. There is no such ruling on page 28. There is such a ruling on page 8, but not on page 28, as set out in the assignment of error, so the record has not been misstated.

■■ Waiving, however, the inaccuracy of the assignment of error as to the page of the transcript, we are of the opinion that the trial court did not commit reversible error in this ruling. In the first place, the question is so general and far-reaching that the defendant may have said much that was not relevant, and there was no statement or explanation by counsel as to what he expected to show. Flowers v. Graves, 220 Ala. 445, 125 So. 659; Morgan Hill Paving Co. v. Pratt City Sav. Bank, 220 Ala. 683, 127 So. 500. Second, the witness was subsequently permitted to testify what Dollar said to him in reference to the appellant.

The application for rehearing is denied.

THOMAS, BROWN, and FOSTER, JJ., concur.