155 So. 687

McMULLEN et al. v. DANIEL.

6 Div. 252.

Supreme Court of Alabama.

Nov. 3, 1933.

Rehearing Granted March 15, 1934.

Further Rehearing Denied June 28, 1934.

Wilkinson, Burton &. Wilkinson, of Birmingham, for appellant McMullen.

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

196

Coleman, Spain, Stewart & Davies, of Birmingham, for appellant United States Fidelity & Guaranty Co.

Harsh, Harsh & Hare, of Birmingham, for appellee.

FOSTER, Justice.

This is an action for malicious prosecution. In it the burden is on plaintiff to show a want of probable cause. In such a suit, when the prosecution is for a criminal charge, the innocence in fact of plaintiff is not evidence of such want of probable cause, unless defendant knew of the facts or that there was no crime committed by plaintiff when he began the prosecution. Gulsby v. Louisville & N. R. Co., 167 Ala. 122, 52 So. 392; Hanchey v. Brunson, 175 Ala. 236, 56 So. 971, Ann. Cas. 1914C, 804; Veid v. Roberts, 200 Ala. 576, 76 So. 934; Parisian Co. v. Williams, 203 Ala. 378, 83 So. 122; American Surety Co. v. Pryor, 211 Ala. 114, 99 So. 636; Sims v. Kent, 221 Ala. 589, 130 So. 213.

In Gulsby v. Louisville & N. R. Co., supra, it is said that a return of "no property found" on a search warrant for stolen property "es-

tablishes prima facie that the property was not in plaintiff's possession, and that he did not steal or conceal it." But that case did not hold that such return was prima facie proof of·a want of probable cause. The fact that the goods were not in his possession, and that he did not steal or conceal them, only goes to guilt as a fact, and, without more, is not evidence of the nature of the information the officer had when he swore out the warrant. It is now well settled by the cases above cited that his innocence in fact is not evidence of want of probable cause. On that principle it has been held that an acquittal on final trial does not tend to show want of probable cause, though a discharge by a committing magistrate does have that effect. Stouts Mt. Coal Co. v. Grubb, 217 Ala. 274, 116 So. 156; Standard Oil Co. v. Davis, 208 Ala. 565, 94 So. 754.

■ It is also well settled that, if the facts are undisputed, probable cause is a question of law for the court. Molton Realty Co. v. Murchison, 212 Ala. 561, 103 So. 651; Am. Ry. Exp. Co. v. Summers, 208 Ala. 533, 94 So. 737; McLeod v. McLeod, 75 Ala. 483, and cases above cited.

■ The plaintiff in this case did not offer any proof of a want of probable cause, and, if the trial had then terminated, and defendant had requested the affirmative charge, it should have been given. But, rather than do so, and without a termination of the trial, defendant moved to exclude all the evidence. We have never changed our holding that a denial of such a motion is not in any case reversible error, Oliver's Garage v. Lowe, 212 Ala. 602, 103 So. 586; Stouts Mt. Coal Co. v. Grubb, 217 Ala. 274, 116 So. 156, though we have held that the court will not be reversed for granting it, when plaintiff has not made out a prima facie case, Dorough v. Alabama Great Southern R. Co., 221 Ala. 305, 128 So. 602.

Defendant's evidence showed without conflict that another deputy sheriff, one Bishop, who appears also to have been a minister, advised him that one who occupied a part of the same house where plaintiff lived, and whose name was Lockhart, told him, in substance, that the place was under the control of Dan Daniel (plaintiff's name is Stark Daniel; and there was in fact no such person as Dan Daniel), and that liquor was being handled there and he wanted it looked into. It appears without dispute that Lockhart did so inform Bishop. It is not shown that defendant had information to the contrary or reason to doubt the truth of·what Lockhart had said. He thereupon made an affidavit, and on it a search warrant was issued and executed, but no liquor was found.

Appellant contends that upon such undisputed evidence his requested affirmative charge should have been given, on account of the failure of the evidence to show want of probable cause. In this contention we agree. Jordan v. Alabama Great Southern R. Co., 81 Ala. 220, 8 So. 191; Louisville & N. R. Co. v. Stephenson, 6 Ala. App. 578, 60 So. 490.

But for the benefit of' another trial in the event plaintiff is able to make out a prima facie case of want of probable cause other questions should be considered by us, such as counsel argue.

■ The complaint avers that the warrant was against plaintiff, though the latter recites that it is against Dan Daniel. But, if the jury find, as they could from the evidence, that it was the plaintiff's premises described in the affidavit and warrant, and that he lived there, and there was no Dan Daniel in that connection, they could find that plaintiff was referred to, though the name was given as "Dan" and not "Stark." Defendant was not due the affirmative charge on that contention.

■■ We have thus far discussed questions available co both appellants, but appellant United States Fidelity & Guaranty Company, the surety on the bond of McMullen as deputy sheriff, has assigned errors which need further consideration. Some of them have been reconsidered by us in Barrett v. Gilbert, 148 So. 801. We need not here repeat what was there again declared.

The bond recited that McMullen had been appointed deputy sheriff for a term of four years from June 16, 1928, and was conditioned for the faithful performance and discharge of all the duties of said office during his continuance therein. He had been appointed by Sheriff Hartsfield under the act of August 2, 1923, page 93. The sheriff was given thereby the right to select and discharge his deputies, and they were required to make bond conditioned as the bond of the sheriff. The sheriff was not liable for the ordinary official acts of the deputy unless he participated in them. Sheriff Hartsfield had died before McMullen swore out and executed the search warrant in this case, but he had been reappointed by his successor for the balance of the term for which Hartsfield was elected. The bond executed by the United States Fidelity & Guaranty Company was made to effectuate his first appointment, but none had been made after he was reappointed. But, after such reappointment, the general agent of the guaranty company rendered a bill to

the county for and collected the premium thereafter accruing, and for a continuance of the bond covering the date of the search warrant. We take judicial notice of who is the sheriff, and the same rule charges the guaranty company with such notice. So that, when it collected the premium, it was chargeable with notice that Downs had succeeded Hartsfield, and that McMullen was then acting under appointment from Downs. In fact the agent so testified.

■■ Ordinarily, the authority of a deputy sheriff terminates with the death of the sheriff. 57 Corpus Juris, 777; State v. Christmas, 126 Miss. 358, 88 So. 881. We may assume that such was true as to McMullen. If he had not been reappointed, the question would be pertinent, Did he continue to hold the office? If the bond had been conditioned only during the period in which he could act under the appointment by Hartsfield, it would also be different. But it is conditioned for a term of four years as expressly stipulated. If he had not been reappointed, or even if the continuing effect of his bond had not been recognized by the guaranty company, the question might be different. But he did continue for the four years, though by successive appointments, without interruption, or at least within that period beyond the date of the act complained of. And, after the death of Hartsfield, the guaranty company validated and continued the effect of the bond as written and executed. It was not the execution of a new bond but a waiver of its termination, if so, amounting to an agreement to effectuate it as written based upon a valuable consideration. 46 Corpus Juris, 1071 (407).

In Hughes v. Smith, 5 Johns. (N. Y.) 168, the suit was by the sheriff on the bond of his undersheriff. After the appointment of the undersheriff and his service for a few months, the plaintiff was reappointed sheriff. The undersheriff continued to serve without a new bond. The court held that it was not necessary to have the bond renewed, since it was conditioned to execute well the office of undersheriff during his continuance in such office, which continued after as before plaintiff was reappointed. The court further observed that there was no interval in which the undersheriff did not continue in office; and held that the bond covered his official acts after plaintiff's reappointment. That position is made stronger in the instant case, because, after the reappointment of McMullen, the bond company applied for and collected the premium thereafter accruing, in full recognition of the continuing effect of the bond.

■ We do not think the situation is controlled by the cases which hold that a bond cannot by parol agreement be extended beyond the period mentioned and fixed by its terms, when such extension is had contrary to the statute of frauds. Commonwealth v. Hinson, 143 Ky. 428, 136 S. W. 912, L. R. A. 1917B, 139, Ann. Cas. 1912D, 291. Unlike that case, the bond here in terms extends its liability to a period beyond the date after the act complained of. Ordinarily, the death of the sheriff would terminate the authority of the deputy. If so, that would terminate the liability of the surety. But, when the deputy continued uninterruptedly, though under another appointment, the surety could, nevertheless, for a valuable consideration, waive such termination of its effect, so as to permit it to continue according to its terms. Life & Casualty Ins. Co. v. Eubanks, 19 Ala. App. 36, 94 So. 198.

The court ruled pursuant to our view on that subject.

We do not think that it is necessary nor would serve a useful purpose to go into a detailed discussion of the various rulings of the court presented by the assignments. Those we have not treated need not occur on another trial, and we think need no discussion.

For refusing the affirmative charge to appellants, the judgment is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER, and BOULDIN, JJ., concur.

## On Rehearing.

FOSTER, Justice.

■■ Our attention is called to the fact that there is a conflict in the evidence as to the time when McMullen was notified by Bishop of what Lockhart told him about liquor being handled at the Daniel place. The fact of such dispute does not justify the submission of the whole question of probable cause to the jury without an instruction of whether certain facts, if found to exist, do or do not constitute probable cause. The court must determine "what facts and whether particular facts amount to probable cause," but "what facts and whether particular facts exist, in a case in which the evidence as to the facts or any necessary particular fact is in dispute, is a question for the jury; but whether such facts amount to probable cause is a question of law for the court." Molton Realty Co. v. Murchison, supra; 38 C. J. 505 et seq.

It is also observed that sometimes the facts relied on to show probable cause or its absence are to be found as inferences from the evidence. When such evidence is susceptible of more than one reasonable inference in that respect, it is a question for the jury to find the true inference; and thereby determine the existence of an element of probable cause. But it is for the court to instruct the jury on what way the question of probable cause is thereby affected. The jury should find the fact from conflicting inferences or from conflicting evidence. But the court determines in each instance whether probable cause exists when such facts are found by the jury, and should so instruct the jury. 38 C. J. 504, 505, notes 29, 30, 31.

In our former opinion, we undertook to meet that duty by holding that the information which we mentioned as having been communicated to McMullen was sufficient to constitute probable cause, if he had no information to the contrary or reason to doubt it, and none was shown by the evidence. That conclusion was also fully sustained by the cases cited of Louisville & N. R. Co. v. Stephenson, supra, and Jordan v. Alabama Great Southern R. Co., supra.

But the additional element was stated by us that he thereupon acted in procuring the search warrant. That element is also essential, and included the idea that his act must have been in such reasonable time after the information is given to justify a reasonable assumption that the unlawful conduct referred to continued to the time when the offier procured the warrant, and caused the search. This question is also one for the court as an element of probable cause. It was for the jury to find when the information was given, and whether it was creditable, when there is anything to reflect on it, but not to find whether the time was so related to the act as to show that it was probable cause for the search.

The court charged the jury correctly as to what is probable cause. But with that question the jury was not concerned. That definition is a guide to the court, not the jury. The charge left it to them to decide both law and fact.

It is our judgment that the information communicated to McMullen did not constitute probable cause for procuring the search to be made eight months or more thereafter without other information leading to a just ground to believe that it continued to the time of the search. We say eight months because in this case there is a tendency of the evidence to show that it was about eight months before the search was made that the information was given, and not for the purpose of prescribing a definite rule in that respect. This testimony was given by Bishop, who is the one who told McMullen about the matter. He says his best recollection is that he told McMullen along in January before October when the search was procured. He also says that he had at least two conversations with McMullen about it, and also one with McMullen and Wilson, a codeputy engaged in the same work, when they were all three together, but does not remember whether that was the first time he told McMullen or not. McMullen testified that the conversation occurred "a few days, a week or two, something like that" before the search. Lockhart shows by the circumstances, to which he testified, that he told Bishop about the matter at a time apparently near the occasion of the search.

In view of the conflict in the evidence, we think that we were in error in saying that defendant was due the affirmative charge after this evidence offered by defendant was given. We adhere to the conclusion that, if the information was given to McMullen more than approximately eight months before the search, it did not constitute probable cause as a matter of law, in the absence of anything to show what the status was, when the warrant was issued and executed. On the other hand, if they find that the information was given within a few days before the search, it did constitute probable cause, in the absence of anything to discredit its truth.

There is no exception to that portion of the charge which submitted the question of probable cause to the finding of the jury, nor was there a request for charges to be given which required a ruling of the court on the subject. So that, in this respect, the ruling does not show reversible error.

We have examined the other assignments, and do not find in them any reversible error.

Rehearing granted, reversal set aside, and judgment affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

### On Second Rehearing.

FOSTER, Justice.

Under the authority of section 6150, Code of 1923, this court hereby reduces the verdict to the sum of $1,000, and, if plaintiff remits all amounts in excess of said sum

by filing a remittitur with the clerk of this court within thirty days, the judgment of the circuit court will be affirmed; otherwise the judgment will be reversed and the cause remanded. Woolworth Co. v. Erickson, 221 Ala. 5, 127 So. 534; Faulkner v. Gilchrist, 225 Ala. 391, 143 So. 803.

Application for rehearing overruled, conditionally.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.