159 So. 685

BRYANT v. HARTFORD FIRE INS. CO. et al.

8 Div. 600.

Supreme Court of Alabama.

Feb. 28, 1935.

John A. Lusk & Son, of Guntersville, for appellant.

O. D. Street, of Guntersville, Estes Doremus, of Atlanta, Ga., and Steiner, Crum & Weil, of Montgomery, for appellees.

BOULDIN, Justice.

Count 1 claims of defendants damages "for maliciously and without probable cause therefor, causing the plaintiff to be indicted by the grand jury * * * on a charge in substance: (setting out the indictment for arson) and to be arrested under a warrant or writ of arrest issued * * * .on said indictment," etc.

The Code form of complaint for malicious prosecution claims damages "for maliciously, and without probable cause therefor, causing the plaintiff to be arrested under a warrant issued by E. F., a justice of the peace, on the ——— day of ———, on a charge of larceny (or as the case may be)," etc. Code, § 9531, form 20.

This Code form is intended to be adaptable to all actions for malicious prosecution. An arrest under a warrant, issued by lawful authority, distinguishes malicious prosecution from false imprisonment. Form 19.

Instituting a criminal prosecution maliciously and without probable cause, leading in due course to the arrest, is the essence of the wrong.

■ The statutory form means the same as if it said: "For maliciously and without probable cause therefor, causing a warrant to be issued and plaintiff to be arrested under same." The other elements in the form are the date of the warrant, the designation of the issuing authority, the offense charged, the judicial investigation ended and the plaintiff discharged. Count 1, in the instant case, contains all these allegations.

■ True, as argued, different presumptions prevail, and a different line of evidence is essential to make out a case of malicious prosecution where the case is investigated by the grand jury with aid of the solicitor, and an indictment returned on its own findings.

Where the prosecutor takes it upon himself to make, or cause to be made, the necessary oath that there is probable cause to believe the party charged guilty of the offense, he assumes a different measure of responsibility from that of bringing the facts before a grand jury for its determination of the question of probable cause.

■ We need not here enter into a discussion of the manner in which the instigator of a prosecution by indictment may become liable in an action of malicious prosecution. Our form of complaint does not require the allegation of such details. They are matters of evidence. Count 1 was merely an adaptation of this form to the case in hand. Sustaining demurrer thereto was error. Abingdon Mills v. Grogan, 167 Ala. 146, 52 So. 596; Sanders v. Davis, 153 Ala. 375, 380, 44 So. 979; Birmingham Bottling Co. v. Morris, 193 Ala. 627, 69 So. 85; Woodward Iron Co. et al. v. Plott, 210 Ala. 176, 97 So. 644; 38 C. J. 395, § 23.

■ Count 2 undertakes to state a case against the corporate defendant under the doctrine of respondeat superior. In one alternative, it charges merely acquiescence by the corporation in the act of the agent. Construed most strongly against the pleader, acquiescence is not the equivalent of ratification. Shannon v. Simms, 146 Ala. 673, Headnote 9, 40 So. 574; Moore & Co. v. Robinson, 62 Ala. 537, 546; 38 C. J. page 395.

Demurrer to count 2 was properly sustained.

Count 3 is subject to the same criticism.

■ Amended counts 1, 2, and 3, undertaking to set up the quo modo, seem to have been filed to meet the ruling on demurrer to original counts. Without discussing the same, we observe they should be eliminated on another trial. Count 1 presents all issues, whether reliance is had on the doctrine of respondeat superior, or on direct corporate action, either in the first instance, or by ratification. Cases supra.

The following may be cited as cases shedding light on the question of liability for malicious prosecution in the procurement of an indictment and arrest upon warrant issued in due course: Dismukes v. Trivers Clothing Co., 221 Ala. 29, 127 So. 188; Standard Oil Co. v. Davis, 208 Ala. 565, 567, 94 So. 754; Rich v. McInerny, 103 Ala. 345, 354, 15 So. 663, 49 Am. St. Rep. 32; American Surety Co. v. Pryor, 211 Ala. 114, 99 So. 636; American Surety Co. v. Pryor, 217 Ala. 244, 115 So. 176; Smith v. Dollar, 223 Ala. 661, 138 So. 277; Daniel v. Goodyear Tire & Rubber Co., 225 Ala. 446, 143 So. 449; United States Cast Iron Pipe & Foundry Co. v. Henderson, 22 Ala. App. 448, 116 So. 915; 38 C. J. page 395.

The trial court declined to require answers to interrogatories propounded to defendant, Hartford Fire Insurance Company, numbered 17 to 23, inclusive.

C. F. Raines, the local agent, is also a party defendant.

■ The action involving a question of malice on the part of defendants, communications between principal and agent which may shed light on this inquiry are not privileged in such action. Ex parte Nolen, 223 Ala. 213, 135 So. 337; Phillips v. Bradshaw, 167 Ala. 199, 52 So. 662; Hunt v. Fidelity Mutual Life Ins. Co., 167 Ala. 188, 51 So. 1000; Easley v. Moss, 9 Ala. 266; American Surety Co. v. Pryor, 211 Ala. 114, 99 So. 636; American Surety Co. v. Pryor, 217 Ala. 244, 115 So. 176; Hathaway v. Bruggink, 168 Wis. 390, 170 N. W. 244; Newell, Slander and Libel, p. 629.

■ We are of opinion defendant should be required to answer interrogatories 17, 18, 19, 20, 22, and 23. In view of the purpose of the statute, a discovery of evidence within the keeping and knowledge of defendant, material to plaintiff's case, we do not regard these interrogatories subject to the criticism of a mere fishing expedition. Code, § 7772. If any correspondence or communications thus elicited shall, on the whole evidence, appear irrelevant, a ruling thereon may be invoked. Code, § 7769.

■ Interrogatory No. 21, calling for communications to the state fire marshal, made pursuant to law, need not be answered. Public policy demands that such reports be unhampered in the public interest. Berry v. City of New York Ins. Co., 210 Ala. 369, 98 So.

290; Worthington v. Scribner, 109 Mass. 487, 12 Am. Rep. 736.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.