173 So. 498

**KING v. SECOND NAT. BANK & TRUST CO. OF SAGINAW, MICH., et al.**

7 Div. 402.

Supreme Court of Alabama.

March 11, 1937.

Rehearing Denied April 15, 1937.

Chas. D. Kline and Jas. F. Matthews, both of Anniston, for appellees.

**BOULDIN, Justice.**

The criminal prosecution out of which this action for malicious prosecution grew was for willfully and knowingly, without the consent of the owner, entering upon, cutting, and carrying away standing timber of the value of $25, or more, made grand larceny by Code, § 4905.

Without dispute the offense had been committed. The timber of nonresident owners of timbered land in Alabama had, without the consent of the owner or any one authorized to act for him, been recently cut and carried away. No question of mistaken boundary line was involved as to this timber.

Appellee, Will Coleman, employed to look after and safeguard the body of tim-

H. H. Evans and John D. Bibb, both of Anniston, for appellant.

108

bered land against such trespassing, and acting under Mr. Kline, attorney, having general supervision and oversight, personally investigated the matter; ascertained the fact of such cutting and removal; was informed by two witnesses, who claimed to speak of personal knowledge, that this appellant and another were the guilty parties.

One of these witnesses was the local caretaker, acting for the owner at Mr. Coleman's instance.

Further inquiry developed that the accused parties had recently sold to sawmill people a batch of logs of this class, which were loaded from a concentration point to which physical signs on the ground indicated these logs had been dragged.

On reporting these matters to Mr. Kline, who may be considered for the purposes in hand, the general agent of the nonresident owners, Mr. Coleman, was directed to bring the matter to the attention of the solicitor and the grand jury. He went before the grand jury, reported the commission of the offense, and that he was informed these were the guilty parties, and furnished the names of witnesses above mentioned. The accused were indicted. They were acquitted. This suit followed. The trial court gave the affirmative charge for defendants. This ruling presents the question for decision.

The law favors the prosecution of crimes such as larceny.

■ The grand jury is an integral part of our legal system, whose function it is to make investigations of all crimes committed within its jurisdiction. Public policy demands that the citizen, without hazard to himself, may freely bring before the grand jury the fact that a crime has been committed, request an investigation, and furnish such information as he has in aid of the investigation. In this the citizen is not a prosecutor. It is not essential that he have probable cause to believe any individual to be the guilty party. He is merely performing a duty in aid of the tribunal set up to ascertain whether there is probable cause to believe a crime has been committed, and if so, who is there probable cause to believe to be the guilty party. American Surety Co. v. Pryor, 217 Ala. 244, 115 So. 176; Smith v. Dollar, 223 Ala. 661, 138 So. 277; 38 C.J. p. 385, § 2.

But appellant insists these principles do not apply here.

■ There was evidence, not without dispute in some respects, tending to show that, before presenting the matter to the grand jury, appellees were informed by the accused and one of their employees that they denied cutting this timber, that the logs in question were cut from an adjoining tract of land by authority of the owner, and were loaded out from about the same point as those complained of. In this connection they accused the witnesses furnished the grand jury of being the guilty parties. Further evidence that the latter had cut one merchantable tree at another point on this land, which was promptly admitted and paid for. It is the law that one who, shielding himself behind a grand jury investigation, corruptly or oppressively brings about the indictment and prosecution of another maliciously and without probable cause, is no less guilty than if he had sworn out a warrant in the first instance.

■ This may be accomplished by fraud, perjury, subornation, or by the willful suppression of known material facts, the intentional thwarting of a fair investigation. American Surety Co. v. Pryor, supra; Morgan v. Baird, 219 Ala. 225, 121 So. 526; Smith v. Dollar, supra.

■■ But this does not mean, as here insisted, that it was the duty of appellees to furnish the grand jury with witnesses seeking to criminate each other, or to take upon themselves the duty of full investigation as to who was telling the truth. The rule above declared, as illustrated by facts disclosed in Morgan v. Baird, supra, relates to an intentional suppression of known material facts, not a failure to disclose all conflicting reports as to the facts.

The rule of sound public policy demands no more than that the party bringing the matter to the attention of the grand jury should in good faith invite and aid in an investigation with a view to the indictment of the person actually guilty.

■ The burden is on plaintiff in an action for malicious prosecution to prove the essential elements of malice and want of probable cause.

■ Where, as here, it is clear a crime had been committed, one in which appellee Coleman, representing nonresident owners, had a duty in the premises, the reasonable presumption is he was seeking to punish only the guilty.

■ Bad faith is not to be inferred from facts equally consistent with good faith.

■ Malice, here as elsewhere, implies the intentional doing of a wrongful act to the injury of another.

■ We are not convinced the trial court erred in giving the affirmative charge for defendants.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.