179 So. 239

## UNITED STATES FIDELITY & GUARANTY CO. v. MILLER.

6 Div. 186.

Supreme Court of Alabama.

Feb. 17, 1938.

Wilkinson & Wilkinson, of Birmingham, and Earney Bland, of Cullman, for appellant.

Beddow, Ray & Jones, of Birmingham, for appellee.

BOULDIN, Justice.

The action is against the surety on the sheriff's bond for alleged misfeasance under color of office in causing of a search of plaintiff's residence for prohibited liquors.

Count 1 is in trespass charging an unlawful breaking into and searching of

plaintiff's residence while he and his family were absent.

On the trial defendant interposed a special plea of justification under legal process; namely, a search warrant in due form issued by lawful authority.

Upon the introduction of the warrant and supporting affidavit made by the sheriff, plaintiff filed count A, charging that the sheriff maliciously and without probable cause procured the search warrant to be issued on the alleged ground that prohibited liquors were kept upon the premises contrary to law, and caused plaintiff's dwelling to be searched under such warrant.

The evidence of defendant going to the question of malice and want of probable cause for suing out the search warrant was to this effect: Three women, "reputable, good people," on the day before Christmas, came to Mayor Dunlap of the city of Cullman, and complained to him and chief of police, Tucker, that bootlegging was going on in the neighborhood, known as Brickyard Community, outside the corporate limits but within the police jurisdiction of the city, begged the officers to put a stop to it, and gave the names of this plaintiff and two others as the persons whose premises should be raided.

The mayor, after hearing the complaints, sent the chief of police to the sheriff's office with instructions to have a search warrant issued for the search of the plaintiff's premises.

The chief of police went to the sheriff, informed him of the reports, gave the names of the women, and of the persons whose premises should be searched.

Thereupon, the sheriff swore out the search warrants, one for plaintiff's premises, and on same day sent the deputy sheriff, with other police officers, to execute them. The plaintiff and family were away from home; having gone away over the holidays.

The searching officers reported no prohibited liquors found, only empty containers, gallon and pint sizes; some of them having a trace and smell of whisky.

Count A admits the issuance of a search warrant in legal form by lawful authority, and counts on malice and want of probable cause in procuring such process.

We find nothing in the evidence contradicting or casting suspicion on foregoing evidence on this issue.

We are of opinion a case was not made out under count A. The law casts upon sheriffs much responsibility in the enforcement of the prohibition statutes. That he acted promptly upon advice of fellow officers, also charged with a duty in the premises, especially a mayor with full authority to consider the matter of probable cause, without awaiting a personal investigation, does not negative probable cause nor warrant any inference of malice on the part of the sheriff.

Malice implies the intentional doing of an unlawful act to the injury of another. A reckless act, without information leading to a bona fide belief, presents such a case of want of probable cause that malice may be inferred. But because a given state of facts may not, in the judicial mind, present a case of probable cause, as matter of law, it does not follow that an executive officer is to be held guilty of malice, if the facts disclose he was acting in good faith; that is, upon a bona fide and reasonable belief that he was in the performance of official duty. McMullen v. Daniel, 229 Ala. 194, 155 So. 687; Gulsby v. Louisville & Nashville R. Co., 167 Ala. 122, 128, 52 So. 392; Parisian Co. v. Williams, 203 Ala. 378, 382, 82 So. 122; Walker v. Graham, 233 Ala. 539, 543, 172 So. 655.

Dealing with count 1, we think there was some evidence, though quite inconclusive, that no warrant was issued prior to the search. But the weight of the evidence is so strong and convincing that a warrant was procured as testified to by the officers and disclosed by the warrant itself, that no verdict should be allowed to stand on the supposition that the jury so found.

Evidence was admitted and instructions given to the jury on the question of abuse of the process by the searching officers by use of unnecessary force and injury to the premises in such manner as to render them trespassers ab initio.

Without going into details, the evidence on this line made no case for depriving the officers of the protection of the law on such ground. McGill v. Varin, 213 Ala. 649, 653, 106 So. 44.

It follows that the motion for new trial should have been granted upon the ground that the verdict was not supported by the evidence, so opposed to the convincing weight of the evidence as to be clearly wrong and unjust.

In view of the fact that some evidence questioned whether a search warrant was issued, and, therefore, a jury question was presented under count 1, affirmative charges with hypothesis, on the whole case (Nos. 1 and 2), were refused without error.

Defendant's refused charge No. 4, an affirmative instruction on count 1, if the jury were reasonably satisfied a search warrant was issued and served, was faulty in directing a verdict for defendant on that count.

The court is not required to have the jury return a special verdict as to each count. This charge should have instructed that, in the event stated, no recovery could be had on count 1.

Defendant's refused charges 37 and 38 were faulty, in that they were peremptory charges without hypothesis, such as: "If you believe the evidence."

For error in denying the motion for new trial, the judgment is reversed and cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ. concur.