194 So. 876

#### BRACKIN v. REYNOLDS.

#### 4 Div. 133.

Supreme Court of Alabama.

March 14, 1940.

Rehearing Denied April 11, 1940.

W. L. Lee and Alto V. Lee, III, both of Dothan, for appellant.

420

KNIGHT, Justice.

Suit to recover damages for malicious prosecution.

Upon conclusion of the evidence the court, at the request of defendant, gave the general affirmative charge in his behalf. From a verdict for defendant, and judgment thereon, the plaintiff brings this appeal.

In actions for malicious prosecutions the burden is on the plaintiff to show want of probable cause. And this court seems to be committed to the proposition that the acquittal on final trial of one accused of crime does not tend to show a want of probable cause for believing him guilty of the offense charged. Standard Oil Co. v. Davis, 208 Ala. 565, 94 So. 754; Stouts Mountain Coal Co. v. Grubb, 217 Ala. 274, 116 So. 156. Of course, if the defendant knew, at the time he began the prosecution, of the innocence of the accused, or that no crime had been committed, then he could not have had probable cause for believing the accused guilty of the crime, and in such cases evidence of such knowledge would be competent and admissible against the defendant. McMullen et al. v. Daniel, 229 Ala. 194, 155 So. 687; Gulsby v. Louisville & N. R. Co., 167 Ala. 122, 52 So. 392; Sims v. Kent, 221 Ala. 589, 130 So. 213; Parisian Co. v. Williams, 203 Ala. 378, 83 So. 122; American Surety Co. v. Pryor, 211 Ala. 114, 99 So. 636.

It is also well established by the decisions of this court that, if the facts are without dispute, probable cause is a question of law for the court. McMullen et al. v. Daniel, supra; Molton Realty Co. v. Murchison, 212 Ala. 561, 103 So. 651; American Railway Express Co. v. Summers, 208 Ala. 531, 94 So. 737.

The plaintiff offered in evidence on the trial of this cause, as tending to show want of probable cause, only the judgment of the county court acquitting her of the offense of larceny charged against her in the affidavit made before the county judge by the defendant, and upon which the warrant was issued for her arrest, and her trial had. Then, after making proof of facts tending to show ill feeling against her by the defendant, the plaintiff rested her case.

Had the defendant at that time rested his case also, he would probably have been en-titled to the general charge under the authorities above cited, but the defendant proceeded to offer testimony tending to show that he had, in fact, probable cause for believing that the offense of petit larceny had been committed, and that the accused, plaintiff, in this case, was guilty of the offense. However, on the examination of C. W. McDaniel this witness testified that he had "divided corn and peas and everything else I (he) had with Mrs. Brackin." And, then, in response to the following question by the court, "Did you tell Mr. Reynolds that when he came over there that you told Mrs. Brackin she could get corn and peas out there?" this witness testified: "I told Mr. Reynolds I gave Mrs. Brackin peas and a mess of 'roast-nears' and she got peas right when she wanted them but I didn't send no one over in the old corn field to pull no 'roast-nears' because I knew Mr. Reynolds was looking for his half of his and I was looking for my half. I wanted to treat him right just like I wanted him to treat me right."

It is true that on re-direct examination this same witness testified: "I don't remember that I told Mr. Reynolds that I had given Mrs. Brackin permission to get some peas, but I never objected to nobody. If I told him that I don't remember it the day he was out there. I think it is right that the first time I remember that was the night before the trial up here in that criminal case."

It appears that Mr. Reynolds, the defendant, and this witness C. D. McDaniel were landlord and tenant, respectively, in the crops out of which the original prosecution for larceny against Mrs. Brackin arose. Reynolds was the landlord and the said C. W. McDaniel was the tenant. It was McDaniel's crop that Mrs. Brackin was accused by the defendant of stealing.

The lower court was of the opinion that there was no conflict in the evidence produced by the testimony of McDaniel; and that on the whole evidence the defendant was entitled to the general charge.

It is clear that if McDaniel had given Mrs. Brackin the peas and corn, or permitted her to get peas and corn when and as she wished, and that the taking was pursuant to this permission, she would not be guilty of the larceny charged against her.

We think that under the testimony of the witness McDaniel, the question of "probable cause" was one for the determination of the jury, and that the court commit-

ted error in giving the general affirmative charge for the defendant. The case should have been submitted to the jury on all issues presented by the pleadings.

It follows, therefore, that the judgment of the circuit court must be reversed and the cause remanded to that court for new trial in conformity to the foregoing opinion.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.