47 So.2d 197

**HUFFSTUTLER v. EDGE.**

4 Div. 587.

Supreme Court of Alabama.

June 1, 1950.

Rehearing Denied June 30, 1950.

Clayton & LeMaistre, of Clayton, and J. Terry Huffstutler, pro se., for petitioner.

Crews Johnston, of Clayton, opposed.

FOSTER, Justice.

On certiorari to the Court of Appeals, in which they affirmed a judgment against appellant rendered by the Circuit Court of Barbour County, without a jury, in a suit for malicious prosecution.

■ Whether there was probable cause for appellant to believe that Edge had stolen any of the property mentioned in the indictment was a question of law when the facts became certain. When there is a conflict in the evidence as to material facts relevant to that issue, a finding of the facts on that basis is one of fact not of law. But the legal effect of such finding on the issue of probable cause is·one of law for the court and not one of fact. Molton Realty Co. v. Murchison, 212 Ala. 561, 103 So. 651; McMullen v. Daniel, 229 Ala. 194, 155 So. 687; Brackin v. Reynolds, 239 Ala. 419, 194 So. 876; Green v. Norton, 233 Ala. 489, 172 So. 634.

■ This case was tried without a jury, so that the trial judge was due to find the facts from conflicting evidence and then determine as a matter of law whether those facts show an absence of probable cause. On appeal to the Court of Appeals from a judgment of the trial court holding that there was an absence of probable cause, the Court of Appeals was due to review the conclusions of fact as it would the verdict of a jury.· It would not reverse the trial court on its conclusions of fact unless contrary to the great weight of the evidence.

But the legal effect of such conclusions being one of law is not benefited by any presumption that it is correct.

In this case, the trial court did not make a finding of fact in terms, so far as the Court of Appeals advises us, but having rendered a judgment for plaintiff must have held that the facts did not show probable cause. On appeal to the Court of Appeals that court drew certain conclusions of fact from the evidence. It also set out the substance of the evidence on which such conclusions were based. On certiorari to that court inferences or conclusions from the evidence will not be disturbed if they are not wholly unreasonable and arbitrary, although the evidence is set out. Reichert Milling Co. v. George, 230 Ala. 589, 162 So. 402; Sinclair Refining Co. v. Robertson, 247 Ala. 260, 23 So.2d 872.

Although probable cause in such a case as this may in a sense be said to be an infer-ence from established facts, it has been definitely classed as one of law and not of fact.

There was not much material conflict in the evidence insofar as it affected the question of probable cause. Having found that it showed an absence of probable cause, we will assume that the Court of Appeals accepted as true the version of Edge in such matters of conflict.

Edge on a Sunday went to the place of the mining operations of appellant in Barbour County, where he had been operating as an independent contractor for appellant, and loaded on his own trucks a lot of machinery and supplies. He had left the job several weeks before because he could not make a success of it. He owned the machinery at one time. Whether he had· sold it to appellant was disputed. He claimed he had not done so. Appellant claimed he had. He was moving it to Calhoun County where he had a contract. He also included some supplies which he did not own, but which belonged to appellant. He did this loading openly, apparently under the observation of appellant's employees on the job. He left the next morning with it after the loading was done on Sunday. There was nothing about his conduct that looked like stealing. He claimed the machinery was his own. While the supplies were not claimed by him, there was nothing stealthy about the act of taking them.

■ Appellant presented the matter to the solicitor of Barbour County. He was not enthusiastic an offense of larceny had been committed, and stated to appellant that it was a weak case. In presenting it, appellant represented that all the property was his and that Edge had no interest in it. The grand jury indicted him for larceny of it all, and on trial he was acquitted. He is not protected by the indictment as conclusive of probable cause unless he reported to the solicitor and testified before the grand jury to the truth and to all the facts he knew material to the charge. Morgan v. Baird, 219 Ala. 225, 121 So. 526; King v. Second National Bank & Trust Co. of Saginaw, Mich., 234 Ala. 106, 173 So. 498. The petit jury evidently· found that he did not, but that Edge had a substantial claim

to the property, except certain supplies, and that there was no felonious intent necessary to constitute larceny. The petit jury must have concluded that Edge was in good faith asserting his claim to the machinery and included the supplies without a felonious intent. The circuit court and the Court of Appeals in this case must likewise have so found. Also that the circumstances which were manifest to appellant rebutted any larcenous intent. Such a finding of fact, known to appellant, would lead to the legal conclusion that appellant was without probable cause to believe that larceny had been committed.

## There Must Be Malice Also On The Part Of Appellant.

■ Malice is an inference of fact, not of law, and it must be determined by the trier of the facts as any other issue of fact is tried. It may be inferred from an absence of probable cause. Parisian Co. v. Williams, 203 Ala. 378, 83 So. 122. But not if the facts disclosed that he was acting in good faith. United States Fidelity & Guaranty Co. v. Miller, 235 Ala. 340, 179 So. 239.

■ Malice in this sort of action implies the intentional doing of a wrongful act to the injury of another. King v. Second National Bank & Trust Co. of Saginaw Mich., 234 Ala. 106, 173 So. 498.

Appellant was persistent in his effort to prosecute Edge and interested in seeing that an indictment was returned in Barbour County. He swore out a warrant in Calhoun County, to which Edge had carried the material to use on his job there. The grand jury there first failed to indict, but another grand jury did indict. This was nol prosed. Then it was presented to the solicitor and grand jury in Barbour County, from which Edge had removed the property. There were differences between them that should have been settled in the civil courts. Edge having left the operation in Barbour County in possession of appellant, including his machinery, may have been guilty of a trespass in removing it and in moving the supplies. But there was nothing to support a reasonable inference or a probable cause to believe that

in doing so Edge was intending to steal the property of appellant. Civil differences should be settled in civil courts. The criminal courts were not set up for that purpose.

■ The bankruptcy proceeding was not given enough importance by the Court of Appeals to justify them in setting out the matters there disclosed. We cannot therefore look into the record to find out about it. The finding of malice by the trial court, concurred in by the Court of Appeals, is an inference of fact.

On well known principles we will not disturb such conclusion by that court. 4 Ala. Digest (Certiorari) section 68; Reichert Milling Co. v. George, supra; Sinclair Refining Co. v. Robertson, supra.

Affirmed.

BROWN, LIVINGSTON and STAKELY, JJ., concur.

LAWSON and SIMPSON, JJ., dissent.

SIMPSON, Justice (dissenting).

The majority opinion quite correctly takes cognizance of the well-recognized principle that in this character of action the question, vel non, of probable cause is one of law for the court, the facts being certain.

It is *certain* beyond doubt from the "delineation" of the facts in the rehearing opinion of the Court of Appeals that the appellee, Edge, took and carried away certain personal property which "without dispute in the evidence, were the property of the appellant and were included within the indictment which was returned against the appellee and which was the basis of the instant malicious prosecution suit." This property he (Edge) converted to his own use or that of another. Therefore, there was no conclusion open to the trial judge but that appellant Huffstutler did have probable cause to believe that Edge had stolen the property. Brackin v. Reynolds, 239 Ala. 419, 194 So. 876, and cases cited.

It is not a question of whether Edge was in fact guilty, but whether Huffstutler, acting in good faith, and on the reasonable

appearance of things, entertained a reasonable belief of his guilt, Torian v. Ashford, 216 Ala. 85, 88, 112 So. 418, and, the prosecution having been initiated by an indictment preferred by the grand jury, the burden was on the plaintiff (Edge) to establish by the evidence that the defendant (Huffstutler) did cause the indictment to be preferred through fraud, perjury, subornation, or willful suppression of known material facts. King v. Second National Bank & Trust Co., 234 Ala. 106, 173 So. 498; Bryant v. Hartford Fire Ins. Co., 230 Ala. 80, 159 So. 685; American Surety Co. v. Pryor, 217 Ala. 244, 115 So. 176. It is quite manifest from the quoted excerpt from the opinion of the Court of Appeals, supra, that the plaintiff did not carry this burden, since undisputedly appellant did have probable cause to believe that appellee did feloniously take away his property.

The judgment seems to me to be ill-founded and I think the judgment of the Court of Appeals should be reversed.

I, therefore, respectfully dissent.

LAWSON, J., concurs in the foregoing view.